14-18-38 Mark Parsons, et al. v. DOJ, et al. Oral argument not to exceed 15 minutes per side. Mr. Sahu for the Plaintiff's Appellants. Mr. Solomon, if you'll hold off for a moment, I want to mention that we have with us Chief Judge Sargis from the Southern District of Ohio helping us with our DACA today and we're very pleased to have you with us. Thank you. Thank you. Please proceed. Good morning, Your Honors, and may it please this Court. My name is Sarah Sahu and I am here on behalf of Appellants Gandy, Bradley, Parsons, Helen, Bruce, and Utsler. We have reserves of time for rebuttal and we'll look forward to that, Your Honor. So this is an interesting case and I'm proud to be part of it because every once in a while in all of the amazing and laudable work that the Department of Justice does, from time to time, they stray and they target artists and entertainers and their fans. Happened to Lucille Ball. Happened to John Lennon. Happened to newscaster Mike Wallace. Happened to the Grateful Dead. Happened to Kiss fans in the late 70s and early 80s, that threatening group. And now it's happening to the music band, the Insane Clown Posse, and their fans, the Juggalos. The Department of Justice's hybrid gang rule burdens the rights of over a million people, in the Department of Justice's own words, based on the actions of a few. Is that what you're calling it? Pardon me, Your Honor? The rule, is that what you're calling it? Yes, Your Honor. This is a rule or a rule equivalent under the Administrative Procedures Act as we read the text of the Administrative Procedures Act. So you want notice-and-comment rulemaking? Is that what it is? Well, no, Your Honor. Since it's neither formal nor the kind of informal rulemaking that is traditionally regulatory, it's an interpretive rule, and so notice-and-comment rulemaking is not required. Nor do the force-of-law tests that accompany notice-and-comment rulemaking. Those also do not apply. Why do we have to decide whether it's a rule or an order? Well, indeed you don't, Your Honor, in a sense. Okay, well then if we don't, we can just... So I would note, Your Honor, that Count 6 exists. You may not think that we do, but don't you have to satisfy the definition of agency action to have occurred to get here, at least in your APA claim under 704? Yes, the last part is extremely important. For our first five counts under the APA, yes, we need to satisfy the definition of a rule or a rule equivalent. Well, you have to satisfy the definition of agency action. When you go to the definition of agency action in another part, that tells you it's a rule or a rule equivalent, and that's what you say it is. That's correct, Your Honor. So you're saying the same thing, but you're just getting there different ways. That's absolutely right, Your Honor, and I just wanted to call attention to Count 6, which we did not forfeit, did not waive, have raised at every point in this case, and that's a declaratory judgment action claim based on the constitutional and statutory and regulatory rights at issue here. So that exists aside and apart from whether or not an agency action in the form of a rule or a rule equivalent exists in this Court's view. What I'm having trouble figuring out to sort of cut to the chase here, and I'm not – we have to get by standing in order to make what I'm going to ask you relevant, so I'm going to assume they're standing for just a second here. This assessment says that members that self-identify with the Juggalos in whatever number have done certain things. Is there – are you disputing that some members – that some people that self-identify as Juggalos have done what this assessment says that they do? No. Just like any million police officers or million church members, we don't dispute that some absolutely minor fraction of that group of million people has done bad things. So you just disagree with the conclusions that therefore this bigger group that say they're Juggalos should be categorized as a hybrid gang? Yes, in a sense. Yes, to the extent that they are categorizing a substantial whole of the Juggalos, there is no evidence to support that. They can't support it under their own standards, but also I'd say – And that's because you admit some do these things, apparently. So it's – is your claim that not enough do it to then categorize the whole Juggalo organization as a hybrid gang? Yes, for example – If you're a group with a few bad apples that aren't enough to be a gang, where's the line when then you've got enough bad apples in the basket that you're – that the whole basket is a gang? That's an excellent question, and so whether under – the answer is there is no answer. Really that will be what – the line will be wherever the court draws it, whether under the strict scrutiny, narrowly tailored test, whether under CFR 2320 where they have to find reasonable suspicion that an entire group has engaged in criminal activity before gathering criminal intelligence information on that group. But really that's the line that the court draws. – on the challenge that whatever the definition is of a gang, this group of people don't meet the definition? Well, no, not for standing purposes. If we're talking – I'm asking you to assume standing. You got standing. So when we get to – in order to seek relief, you want this report – this assessment to be changed, essentially. You want the Juggalos to be either described differently or dropped out of here altogether, right? To the extent that, yes, because – So then the court is going to go in and say, well, we don't agree with how the FBI categorizes groups of people as either a gang or hybrid gang and not a gang, and we want them – and we want – we want the court to set a definition of what the FBI can use in their assessments? Is that it? Not at all, Your Honor. This court has the emphatic province and duty to say what the First Amendment means and to say whether or not the DOJ has gone about its task when targeting a First Amendment protected association in a narrowly tailored way. You don't have to draw the line, and you don't have to tell the DOJ how to do its job. But the court is in the position to interpret the First Amendment and decide whether or not the process they've gone through has been narrowly tailored to target this organization, and it has not been. And we are so far away from anything – But you did – you told Judge Rodgers you're not challenging the process that led to this. You're not saying that you didn't get your due process procedural rights in connection with the formulation and release of this assessment. I wouldn't say it that broadly. We're not challenging the finding that maybe eight people someplace in Idaho are acting as a criminal street gang and bearing the name Juggalo for reasons that are out of our control. I'm not disputing that. But we are disputing things about the process that the DOJ has undergone to then announce to the world that Juggalos generally are in some broad fashion are a gang. We are challenging that, both under the First Amendment and the Due Process Clause, as well as under their own criminal intelligence-gathering regulations. So they didn't follow their own regulations in how they gathered the data and or drew conclusions from it? Is that it? That's correct, Your Honor. That's count five. There is no data to support a broad-ranging finding that this group is engaged in criminal activity because they're not. Their primary purpose is to be music fans, and the vast majority are law-abiding people. They're good folks like Mark Parsons, who was just trying to take a haul through interstate commerce like any trucker, and then he gets stopped because there's a hatchet man on the side of his truck. That's the vast majority of Juggalos, whether or not any particular person likes their musical taste. But the process that the DOJ used to then broadly go out with a broad brush and paint the entire group of music fans or announce a rule that can't be distinguished from those things that ensnare music fans was just not – it does not meet First Amendment or due process standards, as well as their own internal criminal intelligence-gathering regulatory procedures. Would it be fair to say your position is, in a situation like this, an organization that challenges the findings is entitled to some process. What's not before us now is what type of process? Well, I do think that – so we're not raising a procedural due process claim. I don't think it's proper for the public to be interfering in the midst of the DOJ's own criminal intelligence-gathering when they have a proper basis to try to identify who gangs are. So I don't think that there should be open notice and comment hearings or an internal way for us to comment ahead of time about whether or not the DOJ should designate someone as a gang. I'm not sure that that's – You're basically seeking almost a name-clearing process, aren't you, for the organization? That's – I mean, just like in Shearson v. Holder, which the DOJ cited in its opening motion to dismiss, but which has not been featured or highlighted in the appellate briefs, in the Sixth Circuit's opinion, whenever we allege erroneous blacklisting, we have standing. And that's what this Court held. How is – if we could get to standing, which I guess is the issue that we have here. If there is standing, then we would have to say that there's jurisdiction, and then whether we would proceed to the merits, I guess, is another issue. Can you address the – how is this different from just being uncomfortable with something that the government says? Well, I mean, if you wake up in the morning and you see something and you say, well, someone in the government acting on behalf of the government has said or written that some group that I'm associated with is bad, then I have standing to stop that, to get it with retraction. That seems so broad and so general that it partakes of – that it's similar in many ways to cases where the Supreme Court has said there's no standing. Can you address that? That seems to be the core of the standing issue to me. Absolutely. In the vast majority of cases that Your Honor's hypothetical raises, there won't be standing. And the reason is there won't be anything that's redressable. There won't be any cause of action. There won't be actually any remedy that renders – Absolutely, Your Honor, although even as recently – So you may have standing but have no cause of action. Yes, Your Honor. So if we could address the standing, I'm wondering about the standing. I assume for the moment there's some sort of cause of action that you could assert. Both injury and redressability are defined in terms of whether there's a legally cognizable right. And so in the vast majority of cases that Your Honor's thinking about, there simply is no legally – Pardon me? I thought it was injury and causation and redressability, not whether you have a legal cause of action. That's right, Your Honor, although they're related. And here's how they're related. You can have standing and have no cause in the world. You can say, you need to give me that tank or that lawn chair. But I have no legal right to it. You don't want to say I have no legal right to it. But you have standing to – if you win your case, even though it's a frivolous case, you would get the chair. So you have standing, right? Almost. The only point that I'm trying to make, Your Honor, comes out of Lujan and in cases that are familiar to this panel. And that is that an injury is defined for standing purposes just as being the invasion of a personal legally protected interest. That's it. And in the vast majority of cases that Your Honor's talking about, about not liking what the government said in the newspaper or something like that, there just won't be any legally protected interest. For example, under the due process clause from Paul v. Davis, just because the government says something that makes you feel bad or puts you in a bad light doesn't mean you have a due process right. And there are many rights that just won't apply in Your Honor's situation. I was thinking about Paul v. Davis, but there was standing in Paul v. Davis or there was not? When Paul v. Davis, the issue of standing, I believe, was not addressed because the court was able to proceed just to the merit of the due process claim. So it really wasn't contested there. Correct, Your Honor. It was whether you have a property or a liberty interest, liberty interest I guess, under procedural due process. So ironically, Your Honor, That distinction of Paul helps you, I think. Absolutely. That's what I'm saying, Your Honor. And so to make it clear, You would say that there was standing in Paul v. Davis. If you say there wasn't, then I wonder how there was standing here. No, no, no. I would say there was standing, although for a plaintiff later to contest that once the right has been determined, because that's really, and let me abundantly and expressly acknowledge what I think this panel has probably written on numerous times before, and that's there is a clear distinction between the test for standing and the substantive issues in the case. And the only question that Your Honors are really facing is, is this the kind of judicial question that belongs in the court? Because after that, it's in your province and duty to decide what the scope of the amendments are, what those things mean. You say that that's our only task here, and I certainly agree that's the immediate task. But if using, following up on, I think it was Judge Rogers' hypothetical, if we agreed that there was standing, but it's just absolutely crystal clear there is no cause of action, then it doesn't really do us any good to say there's standing and send it back to no avail if it's clear there's no cause of action. Does that make sense to you? No, Your Honor. A finding of no standing in a case where there's, I'm not saying that's this case, a finding of no standing in a case where there's clearly no cause of action strikes me as the essence of harmless error, because it isn't going to matter. But it does matter in terms of defining what the powers of this court are and defining when someone has a right to a day in court. Ultimately, it might not determine the outcome of the case, but part of the criticism of the standing doctrine is that it improperly confuses what are merits questions and what are simple Article III jurisdictional questions. We value our right to be here in court. I'm not saying we're conflating them. I'm saying we can go on from standing and look at something that wasn't even argued if it's clear there's no cause of action, just as an example. Certainly the finality argument that's been briefed I think is squarely before the court, and we can move past standing to deal with the finality argument if that's what the court would like to address. Other items that have not been briefed and are not presently before the court would be better presented to the district court, as indeed would the finality argument. But it is properly before this court. Thank you, counsel.  Thank you, Your Honors. Thank you. May it please the Court, Lindsay Powell for the federal defendants. The 2011 report describes loosely organized criminal activity among certain subsets of juggalos. It does not state that all juggalos are gang members. It doesn't state that all juggalos are criminals, and no legal consequences follow from this report. It does not require or support any action either on the part of juggalos or on the part of the third parties that are identified in the complaint and at whose hands plaintiffs allege they have been injured. As a result of this, there's no standing in the case because there are not sufficiently plausible or concrete injuries caused by the report and redressable by the relief plaintiffs seek, nor is there final agency action here. You believe there's absolutely no harm, but not to be facetious, could you pass the FBI background check and be in your job if you were a member of the juggalos? I have no reason to think that I could not, Your Honor. The focus of this case is the report. Plaintiffs also allude to some other designation that FBI may or may not have made, but I can tell you FBI has nowhere stated that all juggalos are gang members or all juggalos are criminals, and so truly nothing follows from that. I think it's important to look specifically at what they've alleged here, in particular the concrete harms that they try to get at are at the hands of third parties, local and state law enforcement, in two instances the Federal Armed Forces. That may be true, but we have this odd, arguably, situation where these third parties told these folks that it was upon reliance on this assessment that they were taking the actions that they were taking. It seems to me a little hard for you to get around that. The case law makes clear that the conclusory statements sort of couched only in the most sort of thinly veiled factual terms are not sufficient, and the real problem there is... It's not conclusory, it's not thinly veiled. They say the police officer came up to me and I read your group as a gang in the FBI assessment, and so I'm going to detain you, search you, whatever it is they say they did. It's hard to imagine what less they could have said, but here's why it's not plausible, and plausibility is the touchstone here. That's what is required of their allegations at this stage. So all the report says is that some criminal activity has been observed by some juggalos. That's not sufficient to support a stop. Law enforcement can't detain somebody that's not reasonable suspicion, and particularly when you consider that all of the conduct that they've complained of occurred in jurisdictions where state and local law enforcement provided the information to FBI in the first instances. These are all states, California, Michigan, Tennessee, where criminal activity had already been observed among juggalo subsets. The notion that it's the federal report that only provides this sort of limited statement about activity by some people, that that's really what's supporting a stop, that's not a basis for a stop as far as I'm familiar with the law, and I don't think it's plausible on those allegations, taking what we know and what plaintiffs have said, that it's truly the federal conduct here that's causing those injuries. I think it's also helpful to take the redressability angle. If you take the federal report out of the equation, the information that was provided in the first instance by state and local law enforcement is still out there for state and local law enforcement to act on, and they absolutely have the discretion to make those decisions on their own. The federal report doesn't tell them to do anything. It doesn't tell them not to do anything. So you take the federal report out of it, which I take it to be what plaintiffs are asking for, and nothing is very likely to change. Your opposing counsel seems to be saying that there either is or there should be some sort of quantum rule that if you have a large organization, there's at least got to be a certain number or percentage of people involved in that that in fact are involved in crime in order for them to label that whole group as a gang. How do you respond to that? At the outset, that's a merits matter not presented to court. But in substance, I think it's telling the plaintiffs identify nothing to support or guide the court's decision-making about what this report should contain. So the charge of the National Gang Intelligence Center from Congress is to collect and disseminate information. It's not to interpret and implement the gang laws to define what a gang is. It's to bring information in, analyze it, and put it back out in ways that may be useful to other law enforcement entities. And so to try to impose and I think devise out of whole cloth what the standard for what a gang should be just has no basis or place in this inquiry. And most significantly, plaintiffs identify no standard that should guide the court's inquiry. So I think on the merits, that's one of the many reasons their claim would fail. But what's at issue now, of course, is the standing inquiry and the final agency action question. Can I ask a question about the standing inquiry? Let's assume hypothetically that some people in Congress are concerned about these kinds of arguably designated statements that there are groups that contain gang subgroups. And in order to, because they have constituents like that, Congress creates some sort of federal, something like the Privacy Act, where if you're in a group that the federal agency has publicly stated is a group that contains gang elements, you may bring a cause of action to have, to require the government to state publicly that they're not dangerous groups or something like that. If they did that, would somebody who was, and it says the people who can bring that, such a suit are members of the group that has the subgroups in it. Would there be, would that be unconstitutional? Well, I mean, Congress can't change the standing inquiry. I understand. That's why I'm asking the question. You're saying that would be unconstitutional. Well, I mean, the way I understood the question, I would think that the law could be construed in a way so it's creating a broader zone of interest. It may alter the prudential standing inquiry. It would certainly supply. I'm not talking about prudential standing. I'm talking about prudential standing won't get you Article III standing. So if the statute, that's what I'm concerned about, the breadth of the government's argument to say that there's no standing, is that it would require us to throw out a statute like that, which seems like it would be okay. Do you see what I'm asking? I do, and I think the problem is, I mean, to answer your question directly, yes, it's true. Congress cannot alter the Article III standing inquiry that is constitutional. But I think the problem. It sounds, even your hesitation, it sounds like that would be okay, doesn't it? Because you're seeking relief. The relief is the government statement that the group you're in is not so bad. That's what you want. That's what some of their requests are. They want a recantation, basically. So Congress can certainly provide the cause of action, and I think in other circumstances it may well be that plaintiffs could provide the necessary allegations to establish standing. Our point is not intended to be categorical, but simply that on the facts alleged in this complaint, the plaintiffs have not demonstrated a sufficient connection to the federal conduct complaint of and the third-party actions taken. Let's put it this way. If you think the government has a constitutional obligation to make a certain statement in order to lift an onus, and you want that designation, and if you win the lawsuit you will get it, you don't have Article III standing to seek it? No, so I think that question gets more into the types of First Amendment harms that they have alleged, and the case law makes quite clear that you need to have more than a subjective chill, the sort of feeling that you're constraining your expressive activities as a result of things that are being said about you or done. Clapper most recently went to great lengths to say that you can't sort of manufacture standing based on your anticipation of these sorts of harms that aren't affected directly by the federal law, and I think there's a long line of authority going back, Meese versus Keene from this court, Morrison versus the Board of Education, and I think all of those make clear that where you're talking about First Amendment harms it's not simply enough to say the law made me feel like I needed to change my conduct, my expressive conduct, more is required. And if we were to disagree with you and say that there was at minimum Article III standing here, how would the analysis then proceed on remand? Based on the party's briefing of the issues and what's before you now, I think it would be fair and appropriate to reach the final agency action issue rather than spend the additional resources of a remand, potentially another appeal. The question is presented, it's a purely legal question. To bring an injunction suit, simpliciter, you wouldn't need final agency action. You could just sue to enjoin the government to do something that you think the law requires them to do, right? Well, the plaintiffs need a cause of action. Right, but if you seek injunctive relief, then you have an injunctive cause of action, right? I don't think that's true, Your Honor. If that were true, then you could circumvent the APA final agency action requirement in all sorts of instances where that's not appropriate. So courts have repeatedly held that. The APA's final agency action, that's in 704, right? But then there's 703 lists all those other bases that you can sue under the APA. It's true, but the, I mean, what plaintiffs are asserting is they can either sue under the APA or under the Declaratory Judgment Act. And, of course, the Declaratory Judgment Act doesn't provide a cause of action. It only provides a remedy. But injunctive relief under the APA is a basis for a cause of action. That says so. That's one of the listed bases that you can seek relief. Right, that's one of the remedies available. But to state a claim under the— I assume your argument is that under 703, that just sets forth the form of the proceeding. And it even concludes by saying, by referring to agency action at the end of 703. That's just form and venue. You still have to go to 704, which is the actions reviewable. And the action reviewable requires final agency action. Yes, Your Honor. That's your argument, right? Yes, Your Honor. That is correct. So then we have to look at the definition, it seems to me, in 551 of what agency action is. That's then going to take us almost inexorably, I think, to what a rule is. And we look at the definition of a rule. And this just looks to me like it either meets the definition of a rule or certainly the catch-all of—or it's the equivalent of a rule. Because rule means the whole or part of an agency statement. There is an agency statement here, right? Is that right? Yes. And it's either of general or particular applicability, right? And future effect. I'm just going one step at a time. Yes. So future and future effect designed to implement, interpret, or prescribe law or policy. So Congress said, go gather this information and publish it in a report and make it available to law enforcement. And then either Congress said or you decided on your own that you'd put it on the web so everybody can look at it, right? Yes. So how can this agency statement not be properly described as something that is done to implement, interpret, or prescribe law? Congress told you to do it. Yes, but it doesn't follow. I mean, agencies all the time make information available and that they are routinely found to be—those actions are routinely found to be not final agency action to support a cause of action under the APA. It's simply not the case that every time an agency puts information out there, as the lawsuit follows, and I think under— Probably because when they do it, it's agency action, but it's not final. That's not always the case, Your Honor, no. In Flu-Cured Tobacco, the issue was not finality. It was that it wasn't agency action. That's the same thing in Industrial Safety Equipment Association versus EPA, Invention Submission Corp versus Rogan. The D.C. Circuit has observed that no— Just tell me why what you did does not meet that definition of rule under 551. So the way the cases have construed rule, and this is Bennett versus Speer, a rule must affect legal rights and obligations. That's the effect piece of it. In order to be applicable and have future effect, it must do something, and the report here isn't doing anything other than providing— The legal right is at least alleged to be freedom of association. But the report does not affect that right. That gets us back into the Clapper issue, and I think the same observations made of standing do bear on this aspect of the agency inquiry here. They can't make the law do something by saying it makes them feel a certain way. The report simply provides information. One other way. If—I want you to assume for a second that we find there is standing here. Once having found there's an injury, causation, and redressability, then do you still have in your mind a credible argument in view of a finding of standing, which I know you disagree with, but if there's a finding of standing, do you still have a credible argument that this was not agency action, that in turn was final because there wasn't any more you were going to do? Yes, Your Honor. So what is that argument? Just by way of authority, many of the cases I just recited did find standing and then went on to find that there was no final agency action nevertheless, even though the agency had put out information that did bear on the interests of the complaining party in some way. And the same is true here. It still doesn't—it doesn't alter the legal regime. That was the touchstone in Bennett v. Speer, where the court found that even though it was a relatively small statement by the agency, it affected as a permit. It did alter the complaining party's rights or obligations, and we don't have that here. It's simply information being provided for individuals and other law enforcement entities to use how they see fit. Did any of those cases involve alleged First Amendment associational rights, if you remember? I believe—I mean, the harms were, in addition, financial in many of those cases because the complaining entities were also business entities, but they did complain in some sense that it was affecting certainly their reputation, as complained of here, and their ability to put out their own information about their company or their person. So it's a conflict of messages, which is, in a sense, what we have here. But I think the essential point is that case after case, time after time, the courts have declined to find that informational statements by agencies, without more, are final agency action that can support a cause of action. And the fact that the action may influence the— Is there a distinction between what you're characterizing as an informational statement and a conclusion that an agency draws from their collection and assessment of the facts that they've gathered together? No, Your Honor. The other cases could absolutely be described that way, much more so than here. Flu-cured tobacco, there was a conclusion that secondhand smoke was carcinogenic. Others said fraudulent activity was undertaken. If I may very briefly just make one point on the final agency action, the fact that third parties may be affected or very likely to be affected even by the conduct taken by the agency, flu-cured tobacco, Franklin, Dalton, all those cases make clear that that's not enough to transform agency action sorry, to transform agency conduct into final agency action that will support a cause of action under the APA. Just to be clear, your standing argument does or does not rely on zone of interest analysis? It does not. We're arguing Article 3. It's pretty clearly within—if they have a claim, it's pretty clearly within the zone of interest of the First Amendment, I suppose. The parties have not briefed that issue, but we're relying on Article 3 standing. Thank you. Thank you, Your Honors, and may it again please the Court. With respect to Your Honors' last question, it's been actually roughly during the course of this case that the Supreme Court has clarified, of course, that the zone of interest test pertains to the merits, pertains to issues of statutory or constitutional construction, rather than to issues of standing, which really— She's not relying on that. True, Your Honor. That doesn't help you. So to the extent that the government invokes the zone of interest test, we save questions for a different day. And she says she's not relying on it now, but as we review the briefs, to the extent that there are issues of prudential or other forms of standing, those are things that the Supreme Court has clarified are for a different day. I should say they're well aware that the future of prudential standing as a doctrine under Lexmark is very much up in the air. Yes, Your Honor. So she said a few things that are not—which the complaint does not bear out. The complaint in the prayer for relief featured most clearly, but elsewhere throughout the complaint, and I can offer the paragraphs, challenges any gang listing of the Juggalos broadly as a gang. So what we're seeking to get at here is the root, the internal operational rule that the DOJ uses and has to have before it can even collect information on Juggalos. It's the same rule that is distributed or transmitted or communicated to other branches of the federal government. Before we even look at what happened in a place like Tennessee, which had not classified the Juggalos as a gang at the time the troopers stopped Mark Parsons. So not only do we have the allegation about what the trooper actually said, but it is plausible that that trooper was relying on the DOJ's designation because there was no Tennessee gang rule at the time. There only was the DOJ's gang rule in operation. But our prayer for relief challenges the erroneous blacklisting. And again, I invite Your Honors to look at the Sixth Circuit's 2013 opinion in Shearson v. Holder. Could I ask a question about the APA? Do you have separate claims that rely on the APA as the basis for your cause of action? Is that right? Yes, Your Honor. Are they relying on the cause of action provided by 704, which says judicial... I suppose the way that I put it, Your Honor, is that the first three counts... 704 is the section that talks about action. Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. That creates a federal cause of action. Is that the cause of action you're asserting? Yes, Your Honor, under three different provisions of 702B. But yes, each of the 702 clauses requires a finding under 704 that we're talking about an agency action. Yes, Your Honor. So that is the cause of action you're relying... that you're asserting when you assert a so-called APA... those claims that rely on the APA. They each rely on 704, Your Honor, but they're... I'm not asking if you rely on it. I'm asking if that, in the sense I am, is that the cause of action that you're asserting as opposed to some other cause of action? Sort of, Your Honor. And I'd say so under 706... We're asserting the cause of action under 7062B that gives us a right to challenge any agency. ...is the scope of review. 704 is the actions reviewable. And I guess I'm trying to get at what Judge McKeague appears to be getting at, which is the finality requirement, which does clearly apply to causes of action that are brought under 704. You don't bring an action under the scope of review. I mean, you apply the scope of review once you have a cause of action. And 704 provides a cause of action. You could read it as only providing a cause of action when one of the causes of action in 703 doesn't apply, or you could read it, as counsel appears to be reading it, as the place where you have a cause of action. But either way, I'm asking you what cause of action you're asserting. Your Honor, I... You've said that's 704, right? I mistakenly said something and caused some confusion. So, yes, they all rely on 704. Under 702b-2, as well as on 702b-1 and... Well, under 702, you've got standing requirements. Right. You still have to have standing, but I'm not talking about standing at the moment. You're making this really hard. Just tell us what section you're relying upon to provide your APA cause of action. So, not all the different ones that collectively go into one or more of these sections. Is there one section, or are there multiple sections that give you the cause of action you're claiming under the APA? Yes. 702 is the section we would look to to identify the forms of relief that we're able to seek for the 704-defined agency action, and to Your Honor's point about... A form of relief is not a cause of action. If you have a cause of action, then it tells you what kind of relief you can get. What is the underlying section or sections that gives you the cause of action? Is it 704 alone, as you just said, or are there others that you think also give you a cause of action? It's together between... 702 identifies the ways in which we're able to challenge matters, Your Honor, and 704 then, I would say, gives us the cause of action. So you agree it has to be final? Pardon me, Your Honor? You agree that the action has to be final in order for you to bring those cause claims? Yes, Your Honor, and under Appalachian Power and under... It's a case like flu-cured coal, Your Honor. That case, Congress specifically stripped the EPA of power. There are other cases like... Put a finer gloss on it. You agree there has to be agency action, and under 704 that action has to be final, which I don't think anybody disputes in this case. This is an assessment. It's out. They're done. Nobody's still reconsidering that. Am I saying that correctly? On the merits, yes, Your Honor. And for standing purposes, we just have to have a colorable argument. I got it. Yes, they cover. Thank you, counsel. And I believe my time is done. Thank you, Your Honor.  Appreciate your arguments, and the case will be submitted.